IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RODNEY MITCHELL LUNDY,        :

    Petitioner,            :

v.                            :       CIVIL ACTION 14-0102-CG-M

LOUIS BOYD,                   :

    Respondent.            :


REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be denied as this Court does not have jurisdiction over it, that this action be dismissed, and that judgment be entered in favor of Respondent Louis Boyd and against Petitioner Rodney Mitchell Lundy on all claims.

On December 8, 1997, Lundy was convicted of receiving stolen property in the second degree, two counts of burglary in

1

the third degree, and one count of burglary in the first degree in the Mobile County Circuit Court for which he received twenty years for each of the four counts, to be served concurrently, in the State penitentiary (Doc. 11, p. 2; *cf.* Doc. 4, p. 2). Lundy did not appeal his convictions (*see* Doc. 11, Exhibit A, p. 2).

On January 4, 2011, Lundy filed a habeas petition in this Court. *Lundy v. Giles*, Civil Action 11-0018-CB-M (S.D. Ala. October 31, 2011) (Doc. 1). The petition was determined to be time-barred under provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) and that the claims were procedurally defaulted as they had not been timely raised in the State courts. *Lundy v. Giles*, Civil Action 11-0018-CB-M (S.D. Ala. October 31, 2011) (Docs. 25-26). Judgment was entered against Petitioner and the action was dismissed. *Lundy v. Giles*, Civil Action 11-0018-CB-M (S.D. Ala. October 31, 2011) (Doc. 27).

Petitioner filed the current habeas petition on March 1, 2014 that raises the single claim that he should be allowed to withdraw his plea to these four convictions because, under Alabama statutory law, the State did not allow enough to time to lapse between the time when he gave notice of his intent to enter a guilty plea and the time he actually made it (Docs. 1, 4). Respondent Answered the Complaint, asserting that this

petition was time-barred under AEDPA (Doc. 11).

While Respondent is correct, the more important consideration is that Lundy has filed this action without seeking the authority to do so. Specifically, the Court notes that review of this petition is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b). As set out in the habeas statute, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court notes that Petitioner has provided no evidence that he has been given the authority to file this action (*see* Docs. 1, 4). The Court notes that although Lundy was given the opportunity to reply to Respondent's assertion that this action was time-barred, he has not responded at all; Petitioner was given until June 27, 2014 to do so (*see* Doc. 12). In light of Lundy's failure to respond previously, the Court finds no good reason to provide him another opportunity. Because Petitioner has filed a successive habeas petition without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it.

Therefore, it is recommended that this habeas petition be

denied as this Court does not have jurisdiction to review it, that this action be dismissed, and that judgment be entered in favor of Respondent Louis Boyd and against Petitioner Rodney Mitchell Lundy.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 3rd day of July, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE